FILED

2019 Feb-13  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RANDY MCCLENDON**, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Case No. 5:19-cv-00057-LCB-HNJ |
| | ) |
| **WARDEN DEWAYNE ESTES,** | ) |
| **LT. WHITFIELD**, and **OFFICER** | ) |
| **M. DONALDSON**, in their individual | ) |
| capacities, | |
| | |
|     Defendants. | |

### FIRST AMENDED COMPLAINT

1. This is an action brought by plaintiff alleging violations of his constitutional rights by the defendants for being deliberately indifferent to a known mental health condition, which manifested itself, resulting in serious injury as detailed below. Moreover, defendants acted recklessly and intentionally in assaulting Plaintiff, resulting in serious injury as detailed below.

2. Plaintiff, Randy McClendon, is, and was at all times relevant to this Complaint, an inmate in the custody of the Alabama Department of Corrections ("ADOC"). On the occasion giving rise to this complaint, he was housed in the Limestone Correctional Institution ("Limestone").

3. Defendant, DeWayne Estes ("Estes"), was at all times relevant to this Complaint the warden at Limestone. He is sued in his individual capacity.

4. Defendant, Lt. Whitfield ("Whitfield"), was at all times relevant to this complaint a correctional officer at Limestone with the rank of lieutenant. He is sued in his individual capacity.

1

5. CO-1 Officer M. Donaldson ("Donaldson"), was all times relevant to this complaint a correctional officer at Limestone with rank of correctional officer 1. He is sued in his individual capacity.

6. Limestone is a prison maintained by ADOC located in Limestone County, Alabama within the Northern Division of the Northern District of Alabama. All actions complained of herein occurred there.

7. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983, which creates a cause of action for violation of an individual's civil rights when a defendant acts under color of state law, as well as 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1343(a)(3) (civil rights).

8. Jurisdiction and venue are   appropriate in this Court because all actions complained of occurred at Limestone.

**FACTS**

9. In October 2018, plaintiff, Randy McClendon, AIS #206944, was housed in general population in Limestone. Plaintiff had been previously diagnosed with anxiety and depression and was prescribed Celexa (20mg), citalopram hydrobromide.

10. On October 22, 2018, plaintiff had a mental health crisis and began to hear voices and have thoughts of suicide. Each of these conditions are documented side-effects of the Celexa medication.

11. Plaintiff requested to see medical staff or to be transferred to the mental health ward of the facility. However, plaintiff was transferred to "segregation" and

2

placed in cell #50. Plaintiff was placed in hand-cuffs with hands to the rear of his body.

12. Based upon information and belief, Defendant, Warden Estes, made the decision to deny plaintiff access to the mental health ward and or created a policy that prescribed for inmates experiencing similar mental crisis issues, such as plaintiff, would be placed in "segregation" rather than receive reasonable mental health treatment.

13. On October 22, 2018, Bobby Bishop, AIS#185219, ("Bishop'") was also in "segregation" and was housed in cell #40.

14. Plaintiff's symptoms, including hearing voices, suicidal thoughts, etc., worsened after his being placed in cell #50.

15. Plaintiff began to scream for assistance and again requested medical attention.

16. Bishop heard plaintiffs' cries for assistance due to plaintiff's mental health crisis.

17. On October 22, 2018, at approximately 9:30PM, Whitfield and  Donaldson did respond to cell #50 where plaintiff was experiencing a mental health crisis.

18.  Whitfield, entered the cell and began to viciously beat plaintiff, stripping  away all his  clothing, leaving  him completely nude.

19.   Whitfield, then proceeded to sexually assault plaintiff and sprayed plaintiff's genitals with "Sabre red pepper spray."

20. Whitfield, beat, pepper sprayed, and sexually assaulted plaintiff all of which occurred while plaintiff was hand cuffed and experiencing a mental health crisis.

21. Upon information and belief, Donaldson, was standing in the doorway observing the entire incident. However, he failed to intervene to deter Whitfield's attack or

3

to provide any medical response to the known mental health crisis plaintiff was then experiencing.

22. Following the vicious beating, sexual assault, and spraying of pepper spray, Donaldson, retrieved a wheelchair to transport plaintiff to the medical unit.

23. Plaintiff remained in hand-cuffs with hands to the rear of his body for the duration of the above-described events.

24. Plaintiff suffered contusions, bruising to his torso and intense pain and burning as a result of the actions of Defendants.

25. As of the date of this filing, Plaintiff is still   taking pain medication to suppress the burning sensation in his genital area as result of Whitfield spraying  him with pepper spray and may have permanent sensory nerve damage from the attack.

26. Plaintiff is protected from being subjected to cruel and unusual punishment by the Eighth Amendment to the Constitution, made applicable to the state through the Fourteenth Amendment. This includes maintaining reasonably safe conditions for inmates in ADOC custody, protecting them from known dangers, and providing reasonable medical care for known medical conditions.

27. Plaintiff alleges that the beating and pepper spray Whitfield inflicted on him was not for any legitimate penological purpose but was done maliciously and sadistically for the very purpose of causing harm.

28. Plaintiff alleges that Donaldson, as a correctional officer, had a sworn duty to insure that inmates be protected from known violations of their constitutional right and his failure to intervene or make any effort to mitigate the harm Whitfield caused demonstrated deliberate indifference to that sworn duty.

4

29. Plaintiff alleges that defendants knew that plaintiff's mental health condition was the reason he was placed in isolation and were deliberately indifferent to the crisis he was undergoing, despite their knowledge of his condition. He further alleges that his behavior was clearly caused by his condition and that even a lay person, with knowledge of plaintiff's condition, would have recognized that and acted based upon such knowledge. Specifically, plaintiff alleges that defendants should have treated his behavior as resulting from a mental health crisis and, rather than placing him in isolation and assaulting him, should have referred him to a mental health professional for evaluation and treatment.

30. 42 U.S.C. § 1983 creates a cause of action for anyone deprived of a constitutional right "under color of state law." Defendants, as employees of ADOC, a state agency, were all acting, or failing to act, under color of state law, when they caused the injuries complained of.

**WHEREFORE**, plaintiff seeks the following relief:

1.    That he be awarded such compensatory and punitive damages as a jury may determine are appropriate;

2.    That, pursuant to 42 U.S.C. § 1988, as limited by 42 U.S.C. § 1997e, he be awarded his costs and attorney fees for prosecuting this action; and

3.    That he be awarded such other, further and different relief as this Court may deem appropriate.

<u>David Gespass</u>
David Gespass
GESPASS & JOHNSON
P.O. Box 550242
Birmingham, AL 35255-0242

205-323-5966
205-323-5990 (fax)


Richard A. Rice
Richard A. Rice
The Rice Law Firm, LLC
420 20th Street North
Suite 2200
Birmingham, Alabama 35203
205-618-8733, ext. 101
881-391-7193 (fax)
rrice@rice-lawfirm.com
Attorneys for Plaintiff